NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0759

JAMIE STEVEN PERRODIN

VERSUS

LYCIA EAGEN PERRODIN

*Judgment Rendered:* **MAR** 0 8 2022

* * * * * * * *

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. 134681

The Honorable Marla M. Abel, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Leslie J. Clement, Jr.<br>Thibodaux, Louisiana | Counsel for Defendant/Appellant<br>Lycia Eagen Perrodin |
| Melanie Chatagnier<br>Thibodaux, Louisiana | Counsel for Plaintiff/Appellee<br>Jamie Steven Perrodin |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND WOLFE, JJ.

**THERIOT, J.**

This appeal arises from the denial of a motion to reinstate spousal support. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Jamie Perrodin and Lycia Perrodin were married in 1999. In 2018, Jamie filed a petition for divorce. Lycia filed a reconventional demand, requesting spousal support. Pursuant to a July 10, 2018 stipulated judgment, the parties agreed that Jamie would pay Lycia $1,500.00 per month in interim spousal support, effective March 2, 2018, Lycia would continue to live in the former matrimonial domicile until the judgment of divorce, and Jamie would pay the monthly mortgage note.

In September 2018, Lycia filed a rule to increase spousal support, alleging a material change in circumstances had occurred since the July 2018 stipulated judgment. Lycia alleged that she had recently been diagnosed with Guillain-Barré Syndrome and West Nile Virus and is unable to work because of her circumstances. On November 28, 2018,[1] the parties entered a consent judgment, stipulating that Lycia was free from fault in the breakup of the marriage and agreeing that Jamie would pay interim spousal support in the amount of $2,600.00 per month, beginning October 1, 2018.

On January 15, 2019, Lycia filed a rule seeking final spousal support. The parties were divorced by judgment signed on March 7, 2019. In a stipulated judgment signed May 23, 2019, the parties agreed that Jamie would pay final spousal support in the amount of $2,600.00 per month from May 2019 through September 2019, and then would pay final spousal support in the amount of $1,400.00 per month from October 2019 through September 2020. The stipulated judgment further provided that the parties would list the former matrimonial

---

[1] This judgment was signed by the trial court on April 29, 2019.

domicile for sale by July 1, 2019, and that Jamie would continue to pay the monthly mortgage note, subject to a right of reimbursement upon partition of the community property.

On December 11, 2019, Lycia filed a rule to modify spousal support, alleging that a material change in circumstances had occurred since the last stipulated judgment and requesting an increase in final spousal support. The hearing on the rule was continued a number of times, primarily due to COVID-19, and in October of 2020, the parties agreed to submit memoranda, along with affidavits and other evidence, for the court to consider in lieu of a live hearing on the rule. To this end, Lycia filed a supplemental rule to modify spousal support, along with a memorandum and exhibits. Among the exhibits, Lycia filed an income and expense affidavit dated October 22, 2020. Included in her "current, ongoing expenses," which totaled $6,300.00 per month, was monthly rent in the amount of $1,500.00. Lycia also filed an affidavit dated October 22, 2020, in which she stated that her monthly expenses had significantly increased since the May 2019 stipulated judgment. In this affidavit, Lycia stated that "there is now a contract for [the former matrimonial domicile] to be sold in early November of this year . . . [and] I need to find another place to live and a place to store some of the contents of the home. Because of this, I will have rental expenses which I did not previously have."

On December 7, 2020, after considering the parties' submissions, the trial court rendered judgment denying Lycia's rule to modify spousal support, concluding that she had failed to prove a substantial and continuing material change in circumstances since the last award for support. In written reasons for judgment, the trial court noted that despite Lycia's assertions that her mental and physical condition had deteriorated since the May 2019 stipulated judgment, the medical records presented actually showed that her physical condition had

3

remained the same, if not improved, since that time. The trial court further noted that the only change in circumstances apparent from the medical records is Lycia's increased alcohol use. The trial court pointed out that Lycia has the education to be gainfully employed and has failed to show that she does not have the ability to earn a sufficient income. Finally, the trial court noted that Lycia's allegations of increased expenses were not supported by credible evidence or were of her own choosing.

On December 17, 2020, only ten days after the trial court's most recent judgment denying her rule to modify spousal support, Lycia filed another rule to modify/reinstate spousal support, again alleging a material change in circumstances. In this rule, Lycia alleged that since the former family home was sold in November 2020, she was required to move out and incur rental expenses. Additionally, she alleged that her physical and psychological condition had further deteriorated.

A hearing was held on April 8, 2021, at which Lycia filed a new income and expense affidavit dated March 16, 2021, showing monthly expenses totaling $3,579.50, which is $2,720.50 less per month than the amount listed in the affidavit filed with her previous rule. This new amount included a monthly rental expense of $1,300.00.[2] Lycia also filed a copy of her apartment lease executed December 30, 2020, reflecting a monthly rent of $1,300.00 and a $1,300.00 damage deposit; however, Lycia testified at the hearing that she only paid $200.00 towards the deposit and was currently three months behind on rent payments. Although the only income Lycia listed in her affidavit was $192.00 per month in food stamps, she testified regarding other funds she had received. Lycia testified that she borrows money from friends to pay expenses, such as the $200.00 per

---

[2] Although her October 22, 2020 income and expense affidavit submitted in connection with the most recent rule included $1,500.00 in monthly rental/mortgage expenses, Lycia explained at the hearing on the instant rule that the $1,500.00 was just an anticipated expense, not one she actually incurred.

month she pays her maid. In total, Lycia testified that she has borrowed $13,500.00 from friends to meet expenses since her spousal support was reduced. She also testified that she sold the parties' household furnishings for approximately $800.00, which Jamie had allowed her to keep, and that Jamie had given her $13,300.00 in exchange for her agreement to accept a lower offer on the house, which sum would not be included in the partition.

Noting that Lycia's current monthly rent is actually less than the amount listed for monthly housing expenses in her previous rule to modify support, the trial court concluded that Lycia had not shown a material change in circumstances to warrant modification or reinstatement of final spousal support. The trial court signed a judgment on April 28, 2021, denying Lycia's rule to modify/reinstate spousal support, and Lycia filed the instant appeal. On appeal, Lycia argues that the trial court erred in concluding that her monthly rental expense did not constitute a material change in circumstances. Additionally, she argues that the trial court erred in failing to apply the provisions of the law applicable to victims of domestic abuse and in failing to determine the amount of spousal support due to Lycia.

## DISCUSSION

An award of final periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. La. C.C. art. 114. An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. In order to result in a modification of support, the material change in circumstances must be both substantial and continuing. La. R.S. 9:311(A)(1); *Richards v. Richards*, 49,260, p. 6 (La.App. 2 Cir. 8/13/14), 147 So.3d 800, 805. The party seeking the modification or termination of support

5

carries the burden of proof that circumstances have changed since the previous award. The trial court is vested with much discretion in determining an award of spousal support, and its determination will not be disturbed absent a clear abuse of discretion. *Id.*

In this case, Lycia's income and expense affidavit and her testimony at the hearing reveal that her expenses have actually decreased since the previous award of support. Despite her argument that she did not begin incurring rental expenses until she filed the instant rule, Lycia used those anticipated housing expenses to support her previous rule to modify support. Further, as noted by the trial court, the May 2019 stipulated judgment specifically states that the parties agreed to list the house for sale by July 1, 2019. It is simply not credible for Lycia to now argue that the parties did not contemplate her moving out of the house and incurring housing expenses at the time they entered into the stipulated agreement. We find no abuse of discretion in the trial court's denial of Lycia's rule to modify/reinstate spousal support.

Lycia also argues that the trial court erred in failing to apply the provisions of law applicable to victims of domestic abuse in denying her rule to modify spousal support. Louisiana Code of Civil Procedure article 112(C) provides that "[w]hen a spouse is awarded a judgment of divorce pursuant to Article 103(2), (3), (4), or (5), or when the court determines that a party or a child of one of the spouses was the victim of domestic abuse committed by the other party during the marriage, that spouse is presumed to be entitled to final periodic support." Further, where the court determines that the obligor spouse committed domestic abuse during the marriage, the sum awarded in final spousal support may exceed one-third of the obligor's net income and may be awarded as a lump sum. La. C.C. art. 112(D). Notably, the trial court here did not determine that Lycia or her children were victims of domestic abuse. Nevertheless, such a finding would simply result

in a rebuttable presumption that Lycia is entitled to final periodic support. See La. C.C.P. art. 112, Revision Comments – 2018 (a) ("Victims of domestic violence and others who obtain fault-based divorces benefit from a presumption of entitlement to final periodic support, but that presumption may be overcome by evidence regarding need, ability to pay, or pre-filing fault.") As the parties stipulated that Lycia was free from fault in the breakup of the marriage and Lycia was actually awarded final periodic support, a finding that she and the children were victims of domestic violence would be of no consequence here. Final spousal support was awarded and then ended according to the terms of the parties' stipulated judgment. Lycia must now prove a material change in circumstances in order for the court to modify this award. This assignment of error is without merit.

Lycia's final assignment of error, in which she asks this court to calculate the amount of spousal support she is owed, is moot since we have concluded that the trial court did not err in denying her rule to modify/reinstate support.

## CONCLUSION

For the reasons set forth herein, the April 8, 2021 judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Lycia Perrodin.

**AFFIRMED.**